AF Approval __NMA__                                          Chief Approval __CAB__

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                                          CASE NO. 6:24-cr-212-CEM-LHP

JESSICA CORIN MANGANO

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Sara C. Sweeney, Acting United States Attorney for the Middle District of Florida, and the defendant, JESSICA CORIN MANGANO, and the attorney for the defendant, Dan Eckhart, mutually agree as follows:

**A.**   **Particularized Terms**

    1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts One, Three and Five of the indictment. Count One charges the defendant with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). Count Three charges the defendant with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). Count Five charges the defendant with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

    2.    Minimum and Maximum Penalties

Counts One and Three are each punishable by a mandatory minimum term of imprisonment of 5 years up to 20 years, a fine of $250,000, a term of

Defendant's Initials ____

supervised release of not less than 5 years up to life, and a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Count Five is punishable by up to 20 years' imprisonment, a fine of $250,000, a term of supervised release of not less than 5 years up to life, and a special assessment of $100 per felony count for individuals, and $400 per felony count for persons other than individuals, such as corporations. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Defendant's Initials _____    2

3.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of

the offenses with which defendant has been charged and to which defendant is

pleading guilty.  The elements of Count One are:

> First:  the Defendant knowingly distributed an item or items of child pornography;
>
> Second: the items of child pornography had been shipped or transported in interstate or foreign commerce by any means, including by computer; and
>
> Third: when the Defendant distributed the items, the Defendant believed the items contained child pornography.

The elements of Count Three are:

> First:  the Defendant knowingly received an item or items of child pornography;
>
> Second: the items of child pornography had been shipped or transported in interstate or foreign commerce by any means, including by computer; and
>
> Third: when the Defendant received the items, the Defendant believed the items contained child pornography.

The elements of Count Five are:

> First:  the Defendant knowingly possessed an item or items of child pornography;
>
> Second: the items of child pornography had been shipped or transported in interstate or foreign commerce by any means, including by computer;
>
> Third: when the Defendant possessed the items, the Defendant believed the items were child pornography; and

Defendant's Initials           3

<u>Fourth</u>: the visual depiction involved a prepubescent minor or a minor who had not attained 12 years of age.

4.    <u>Counts Dismissed</u>

At the time of sentencing, the remaining count(s) against the defendant, Counts Two and Four, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.    <u>Discretionary Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 3663(a) and (b), defendant agrees to make full restitution to any identified victims. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7.    <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a

Defendant's Initials _JM_          4

recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

8.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant

Defendant's Initials _AM_          5

agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: an iPhone 15 Max Pro, seized from the defendant on or about August 15, 2024, which asset was utilized in the commission of the offense charged in Count Five of the Indictment.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the

Defendant's Initials _____    6

defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested

Defendant's Initials _____        7

by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement.  If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above.  The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government.  The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be

Defendant's Initials ___     8

found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

10.    Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register

Defendant's Initials _JM_                    9

under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.    Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

        The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials _JM_        10

2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    <u>Immigration Consequences of Pleading Guilty</u>

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office

Defendant's Initials         11

within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared

Defendant's Initials _JM_                12

by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

   7.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

        The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises

Defendant's Initials _____        13

its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.     Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.     Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.     Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete

Defendant's Initials _JM_       14

satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____        15

12.    <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.    <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 25 day of February, 2025.

SARA C. SWEENEY
Acting United States Attorney

JESSICA CORIN MANGANO
Defendant

Kaley Austin-Aronson
Assistant United States Attorney

Dan Eckhart, Esq.
Attorney for Defendant

Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando

Defendant's Initials _____     16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:24-cr-212-CEM-LHP

JESSICA CORIN MANGANO

<u>PERSONALIZATION OF ELEMENTS</u>

**Count One:**

First:     On or about July 2, 2024, did you knowingly distribute an item
           or items of child pornography?

Second:    Had the item(s) of child pornography been shipped
           and transported using any means and facility of interstate and
           foreign commerce?

Third:     When you distributed the item(s), did you believe the
           item(s) were child pornography?

**Count Three:**

First:     On or about July 14, 2024, did you knowingly receive an item or
           items of child pornography?

Second:    Had the item(s) of child pornography been shipped
           and transported using any means and facility of interstate and
           foreign commerce?

Third:     When you received the item(s), did you believe the
           item(s) were child pornography?

**Count Five:**

First:     Did you knowingly possess an item or items of child
           pornography on August 15, 2024, in the Middle District of
           Florida?

Defendant's Initials _____        17

Second:     Had the item(s) of child pornography been shipped
and transported using any means and facility of interstate and
foreign commerce?

Third:     When you possessed the item(s), did you believe the
item(s) were child pornography?

Fourth:     Did the visual depiction involve a prepubescent minor or a minor
who had not attained 12 years of age?

Defendant's Initials ⟨signature⟩     18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

    v.                        CASE NO. 6:24-cr-212-CEM-LHP

JESSICA CORIN MANGANO

## FACTUAL BASIS

In July 2024, Osceola County Sheriff's Office (OCSO) was forwarded a tip (195499507) from the National Center for Missing and Exploited Children (NCMEC). The tip was reported by Kik and stated the user "Mizzexlusive3" between May 14, 2024, and June 12, 2024, had sent either by via private chat function or group message function approximately 38 files of Child Sexual Abuse Material (CSAM). Prior to OCSO's involvement St. Cloud Police was originally sent the tip due to them having possible jurisdiction. St. Cloud Police Department issued subpoenas to Charter Communications (Spectrum) for the IP addresses associated with the NCMEC tip. The return from that subpoena showed that the IP address was registered to a subscriber with the same last name as the defendant at the address XXX UNDERWOOD AVE., SAINT CLOUD, FL 34771

A state search warrant was executed on the Kik account associated with the NCMEC tips. The response from Kik included over 200 files of CSAM. In addition to the files there were chat transcripts between "Mizzxclusive3" and other Kik users

Defendant's Initials /M          19

where the account user stated that she is a twenty-three-year-old female and that she sometimes babysits a 9-year-old neighbor.[1] The conversations also include messages about raping children.

OSCO did a deconfliction to NCMEC and received three additional tips that came from the same IP address or username. Cybertip 196264915 showed that between June 26, 2024 and July 2, 2024, someone using the same IP address as the original tip had 16 additional illicit files on their Kik account. This tip provided the following information from the Kik user:

Home Email Address: mizzxclusive666@gmail.com
Screen/User Name: mizzxclusive666[2]
Display Name mizzxclusive666
ESP User ID; mizzxclusive666_1a1

Cybertip 197247180 indicated that between July 19, 2024, and August 8, 2024, the same IP address had been captured by members of Kik. That tip yielded 29 additional illicit files.

Further investigation revealed that Jessica Corin Mangano (Mangano) resided at XXX Underwood Ave. St. Cloud, FL 34771. Her Facebook username was MizzXclusive90 and she utilized the email address of manganojessica@gmail.com. This email address was the same one from tip 179259871.

---

[1] OCSO canvassed the neighborhood and has not met anyone that matches this description or anyone who allowed Managano to babysit their children.

[2] This account was created on June 22, 2024 and was shutdown at the same time the Cybertip was issued on July 9, 2024

OCSO observed the residence and on multiple occasions observed Mangano entering a White Audi parked in her driveway. The Wi-Fi at the residence was password protected.

On August 15, 2024, the OCSO Internet Crimes Against Children Unit (ICAC) conducted a residential search warrant at XXX Underwood Ave, St. Cloud, Florida. The sole occupant of the residence was Mangano.

Post- *Miranda* ,Mangano admitted that she lives alone in the home and has lived for multiple years. She admitted that she has an iPhone 15 Max and a Desktop in her "pink" room. Additionally, she admitted that she owns all the Kik accounts reported in the cybertips and that they all had been shut down. Finally, she admitted that she owned all the Gmail accounts linked to the various Kik accounts.

In searching the residence, OCSO found an iPhone 15 Max on Mangano's bed among other things that belonged to her such as a passport, in a room that was pink.

The State search warrant the covered the home also covered the devices found in the phone. An extraction was done on her iPhone 15 Max and hundreds of CSAM videos and images were located on the device; these included depictions of infants, toddlers, and bondage.

There were messages on Kik between Mangano and other Kik users where they discussed raping children specifically infants and toddlers and where she sent and received videos of infants and toddler's being raped.

**Count One: Distribution of Child Pornography- July 2, 2024**

Defendant's Initials _____    21

On July 2, 2024, Mangano sent the following video of child pornography to another Kik user in the private message function of the application.

> File Name: telegram-cloud-document-1-4911589157911921578
> July 2, 2024 22:23:34
> 1 minute video with a female child approx. 2 years of age bent over with her diaper pulled down. An adult male is rubbing his penis on the buttock of the child and spreading the child's vagina and anus to the camera. The adult male is heard asking the child "you are going to take this dick right?"

**Distribution of Child Pornography- July 2, 2024**

On July 2, 2024, Mangano sent the following video of child pornography to another Kik user in the private message function of the application.

> File Name: telegram-cloud-document-1-4911589157911921574
> 7/2/2024 22:13:43
> 24 second video of victim approximately 2-3 years old nude on her knees in front of a nude male. The child is hysterically crying and attempting to push herself away from the male's penis. The male continues to forcibly grab the child's head and put his penis in her mouth.

**Count Three: Receipt of Child Pornography- July 14, 2024**

On July 14, 2024, Mangano received the following video on Kik:

> File Name: telegram-cloud-document-1-4945057338378683689
> 7/14/2024 19:27:12
> 1 minute 52 second video of infant approximately 3-6 months of age nude from the waist down being violently raped by an adult male on a bed. The adult male is staring at the video camera while raping the child. The baby is screaming throughout the duration of the video.

**Receipt of Child Pornography- August 2, 2024**

Defendant's Initials _JM_                22

On August 2, 2024, Mangano received the following video on Kik:

File Name: telegram-cloud-document-1-5001573588961067935
8/2/2024 at 02:32:01
3 minute 42 second video of female child approximately 3-6 years old nude
from the waist down, wearing only a red colored top. An adult male is holding
the child's legs back and forcibly anally raping the baby throughout the entire
video.

### Count Five: Possession of Child Pornography- August 15, 2024

Two examples of the videos of child pornography discovered on Mangano's

iPhone 15 Max on August 15, 2024, are described below:

File Name: telegram-cloud-document-1-4927034732186698668
1 minutes and 16 second video of infant female approx. 3-6 months of age
nude from the waist down with adult male forcibly rubbing the child's vagina
with his penis and also attempting vaginal and anal penetration. A baby is
heard screaming throughout the duration of the video. The video ends with
the male ejaculating onto the child's vagina.

File Name: telegram-cloud-document-1-4927343742198744859
58 second video of infant female completely nude on her back laying on a
changing table. An adult male is rubbing his penis on the vagina of the child.
The child is heard crying throughout the duration of the video. The video ends
with the male ejaculating onto the vagina of the baby.

The above is merely a summary of some of the events, some of the persons

involved, and other information relating to this case. It does not include, nor is it

intended to include, all the events, persons involved, or other information relating to

this case.

Defendant's Initials _JM_          23